Case: 2:26-cv-13762
Assigned To : White, Robert J. Referral Judge: Patti, Anthony P. Assign. Date : 10/2/2026
Description: CMP Smith v. Owdziej, et al (tt)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Richard Allen Smith, Sr., Plaintiff,**<br>***v.***<br>**JULIA B. OWDZIEJ, individually and in her official capacity as Judge of the Washtenaw County Trial Court, 22nd Judicial Circuit; ARIANNE E. SLAY, individually and in her official capacity as Judge of the Washtenaw County Trial Court, 22nd Judicial Circuit; WASHTENAW COUNTY TRIAL COURT; WASHTENAW COUNTY; WASHTENAW COUNTY PROSECUTOR'S OFFICE; THE BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, a constitutional body corporate; and JOHN AND JANE DOES 1–10, whose identities are presently unknown, Defendants.** | **)** | **Case No.: __________________**<br>**Hon.: __________________**<br>**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS 42 U.S.C. §§ 1983, 1985, AND 1988 RELATED CASE: No. 2:26-cv-12311-DPH-EAS (Hon. Denise Page Hood) JURY TRIAL DEMANDED** |

---

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

---

## JURY TRIAL DEMANDED

---

**TABLE OF CONTENTS**


| | |
|---|---|
| **I. PRELIMINARY STATEMENT** | **3** |
| II. JURISDICTION AND VENUE | 4 |
| A. Subject Matter Jurisdiction | 4 |
| B. Venue | 5 |

| | |
|---|---|
| **I. PRELIMINARY STATEMENT** | **3** |
| C. Related Case | 5 |
| III. PARTIES | 5 |
| A. Plaintiff | 5 |
| B. Defendants | 6 |
| IV. FACTUAL ALLEGATIONS | 9 |
| A. Background and Prior Federal Proceedings | 9 |
| B. The Civil Harassment Cases — NH Dockets | 10 |
| C. The Criminal Appeal — Case No. 26-001936-AR | 11 |
| D. Coordination with Federal Proceedings | 12 |
| E. The Role of the Washtenaw County Prosecutor's Office | 13 |
| F. The Role of the University of Michigan Board of Regents | 14 |
| G. Pattern and Custom | 14 |
| V. CONSTITUTIONAL AND LEGAL CLAIMS | 15 |
| Claim One — Denial of Right of Access to Courts (§ 1983) | 15 |
| Claim Two — Denial of Due Process (§ 1983) | 17 |
| Claim Three — Equal Protection (§ 1983) | 18 |
| Claim Four — First Amendment Retaliation (§ 1983) | 19 |
| Claim Five — Conspiracy to Obstruct Justice (§ 1985(2)) | 20 |
| Claim Six — Conspiracy to Deprive Equal Protection (§ 1985(3)) | 21 |
| Request for Fees and Costs (§ 1988) | 22 |
| VI. MONELL LIABILITY | 22 |
| VII. SUPERVISORY LIABILITY | 24 |
| VIII. YOUNGER ABSTENTION — INAPPLICABILITY | 25 |
| IX. JUDICIAL IMMUNITY — LIMITATIONS | 26 |
| X. PRAYER FOR RELIEF | 27 |
| XI. JURY DEMAND | 29 |
| SIGNATURE BLOCK | 29 |
| CERTIFICATE OF SERVICE | 30 |

## TABLE OF AUTHORITIES


| CASES | |
|---|---|
| ***Anderson v. Creighton*, 483 U.S. 635 (1987)** | § IX |
| ***Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993)** | § IX |
| ***Ashcroft v. Iqbal*, 556 U.S. 662 (2009)** | § IX |
| ***BE & K Construction Co. v. NLRB*, 536 U.S. 516 (2002)** | § V, Claim Four |
| ***Bell v. Hood*, 327 U.S. 678 (1946)** | § II.D |
| ***Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983)** | § V, Claim Four |
| ***Board of County Commissioners v. Brown*, 520 U.S. 397 (1997)** | §§ VI, IX |
| ***Brookings v. Clunk*, 389 F.3d 614 (6th Cir. 2004)** | § IX |
| ***Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)** | § IX |
| ***Burns v. Reed*, 500 U.S. 478 (1991)** | § IX |
| ***Christopher v. Harbury*, 536 U.S. 403 (2002)** | § V, Claim One |
| ***City of Canton v. Harris*, 489 U.S. 378 (1989)** | §§ IV.G, VI, IX |
| ***City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)** | §§ VI, IX |
| ***Connick v. Thompson*, 563 U.S. 51 (2011)** | § IX |
| ***County of Sacramento v. Lewis*, 523 U.S. 833 (1998)** | § V, Claim Two |
| ***Dennis v. Sparks*, 449 U.S. 24 (1980)** | § IX |
| ***Dye v. Office of the Racing Commission*, 702 F.3d 286 (6th Cir. 2012)** | § V, Claim Four |
| ***Edelman v. Jordan*, 415 U.S. 651 (1974)** | § IX |
| ***Ex parte Young*, 209 U.S. 123 (1908)** | §§ II.D, IX |
| ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005)** | § II.D |
| ***Forrester v. White*, 484 U.S. 219 (1988)** | § IX |
| ***Green v. Mansour*, 474 U.S. 64 (1985)** | § IX |
| ***Diamond v. Marable*, No. 2:12-cv-11516, ECF No. 28 (E.D. Mich. Feb. 15, 2013)** | § IX.A |
| ***Griffin v. Breckenridge*, 403 U.S. 88 (1971)** | §§ IV.F, V Claim Six, IX |
| ***Hamas v. County of Shiawassee*, No. 2:23-cv-11590, 2023 WL 6121896 (E.D. Mich. Sept. 19, 2023)** | § IX.A |
| ***Harlow v. Fitzgerald*, 457 U.S. 800 (1982)** | § IX |
| ***Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556 (6th Cir. 2011)** | § IX |
| ***Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)** | § VIII |
| ***Imbler v. Pachtman*, 424 U.S. 409 (1976)** | § IX |
| ***Kalina v. Fletcher*, 522 U.S. 118 (1997)** | § IX |
| ***Kim v. Bernstein*, No. 2:24-cv-13151, ECF No. 5 (E.D. Mich. Dec. 10, 2024)** | § IX.A |

| | |
|---|---|
| ***Kush v. Rutledge*, 460 U.S. 719 (1983)** | §§ V Claim Five, IX |
| ***Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003)** | § VII |
| ***Mathews v. Eldridge*, 424 U.S. 319 (1976)** | § V, Claim Two |
| ***MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)** | § II.D |
| ***Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982)** | § VIII |
| ***Mireles v. Waco*, 502 U.S. 9 (1991)** | § IX |
| ***Monell v. Department of Social Services*, 436 U.S. 658 (1978)** | passim |
| ***Moor v. County of Alameda*, 411 U.S. 693 (1973)** | § II.D |
| ***Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)** | § V, Claim Two |
| ***Pearson v. Callahan*, 555 U.S. 223 (2009)** | § IX |
| ***Peatross v. City of Memphis*, 818 F.3d 233 (6th Cir. 2016)** | § IX |
| ***Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)** | § IX |
| ***Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)** | § IX |
| ***Quern v. Jordan*, 440 U.S. 332 (1979)** | § IX |
| ***Ranke v. Federspiel*, No. 2:23-cv-11300, ECF No. 36 (E.D. Mich. Mar. 26, 2024)** | § IX.A |
| ***Rochin v. California*, 342 U.S. 165 (1952)** | § V, Claim Two |
| ***Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950)** | § II.D |
| ***Skinner v. Switzer*, 562 U.S. 521 (2011)** | § II.D |
| ***Smith v. Wade*, 461 U.S. 30 (1983)** | § X.C |
| ***Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013)** | § VIII |
| ***Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)** | § II.D |
| ***Stump v. Sparkman*, 435 U.S. 349 (1978)** | § IX |
| ***Strickland v. Mullins*, No. 4:23-cv-12687, ECF No. 5 (E.D. Mich. Nov. 21, 2023)** | § IX.A |
| ***Taylor v. Michigan Department of Corrections*, 69 F.3d 76 (6th Cir. 1995)** | § VII |
| ***Thomas v. Hackel*, No. 4:15-cv-11261, ECF Nos. 5, 8 (E.D. Mich. May 27 and June 30, 2015)** | § V, Claim Four |
| ***Thomas v. Hackel*, No. 4:15-cv-11261, ECF Nos. 5, 8 (E.D. Mich. May 27 and June 30, 2015)** | § IX.A |
| ***Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007)** | § IX |
| ***Verizon Maryland Inc. v. Public Service Commission of Maryland*, 535 U.S. 635 (2002)** | §§ II.D, IX |
| ***Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)** | § V, Claim Three |
| ***Will v. Michigan Department of State Police*, 491 U.S. 58 (1989)** | § IX |
| ***Younger v. Harris*, 401 U.S. 37 (1971)** | § VIII |
| **CONSTITUTIONAL PROVISIONS** | |
| **U.S. Const. amend. I** | passim |
| **U.S. Const. amend. VII** | § XI |
| **U.S. Const. amend. XI** | § IX |

| | |
|---|---|
| **U.S. Const. amend. XIV** | passim |
| **Mich. Const. art. VIII, § 5** | § III.B |
| **STATUTES** | |
| **28 U.S.C. § 1331** | § II |
| **28 U.S.C. § 1343** | § II |
| **28 U.S.C. § 1391(b)** | § II.B |
| **28 U.S.C. §§ 2201–2202** | §§ II, X |
| **42 U.S.C. § 1983** | passim |
| **42 U.S.C. § 1985(2)** | passim |
| **42 U.S.C. § 1985(3)** | passim |
| **42 U.S.C. § 1988** | passim |
| **RULES AND OTHER AUTHORITIES** | |
| **Fed. R. Civ. P. 38(b)** | § XI |
| **Fed. R. Civ. P. 54(d)** | § X.D |
| **E.D. Mich. L.R. 83.11** | § II.C |
| **Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847** | § III.B |

## JUDGE-BY-JUDGE AUTHORITY TABLE

This table identifies Eastern District of Michigan judicial officers named by Plaintiff and the directly relevant rulings presently verified and cited in this Complaint. District-court decisions are persuasive, not binding. An entry stating "No directly relevant verified ruling presently included" does not imply that no such ruling exists; it means that no ruling by that judicial officer has been added to this pleading without further case-specific verification.

| Judicial Officer | Verified Ruling Presently Cited | Expanded Legal Proposition and Application | Complaint Sections Supported |
|---|---|---|---|
| **Chief Judge Stephen J. Murphy, III** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently relied upon. A future entry would require a verified decision materially addressing federal jurisdiction, access to courts, immunity, conspiracy, abstention, or municipal liability. | None presently. |
| **Judge F. Kay Behm** | *Strickland v. Mullins*, No. 4:23-cv-12687, ECF No. 5 (E.D. Mich. Nov. 21, 2023). | The court dismissed claims against a judge and prosecutor based on absolute immunity for the functions alleged. The decision supports only the general functional-immunity analysis in Section IX; it does not decide whether the scheduling or assignment conduct alleged here is judicial or nonjudicial. | § IX, ¶¶ 110–111; § IX.A, ¶ 114D; Prayer for Relief § C. |
| **Judge Terrence G. Berg** | *Thomas v. Hackel*, No. 4:15-cv-11261, ECF Nos. 5, 8 (E.D. Mich. May 27 and June 30, 2015). | The court held that judicial immunity independently required dismissal of damages claims based on a state judge's adjudicative acts, even after reconsidering a separate ground for dismissal. It supports the general immunity rule in Section IX, not any factual conclusion | § IX, ¶¶ 110–111; § IX.A, ¶ 114D; Parties ¶¶ 11–11A; Prayer for Relief §§ A–C. |

| Judicial Officer | Verified Ruling Presently Cited | Expanded Legal Proposition and Application | Complaint Sections Supported |
|---|---|---|---|
| | | about the conduct alleged here. | |
| **Judge Paul D. Borman** | *Diamond v. Marable*, No. 2:12-cv-11516, ECF No. 28 (E.D. Mich. Feb. 15, 2013). | The court granted dismissal on absolute judicial-immunity grounds for claims arising from a judge's issuance of a bench warrant and contempt-related acts. The decision supports the functional analysis of judicial acts but does not establish a special pleading rule for scheduling or reassignment claims. | § III.B, ¶¶ 11–11A; § IV.B–C, ¶¶ 21–34; § IX, ¶¶ 110–111; § IX.A, ¶ 114D. |
| **Judge Robert H. Cleland** | No directly relevant verified ruling presently included. | No proposition from this judicial officer is presently asserted as authority. The Complaint does not rely on an unverified decision merely because it was issued within this District. | None presently. |
| **Judge Susan K. DeClercq** | *Kim v. Bernstein*, No. 2:24-cv-13151, ECF No. 5 (E.D. Mich. Dec. 10, 2024). | The court dismissed an action that effectively sought federal review of Michigan appellate decisions and that included generalized allegations of conspiracy. It supports the Rooker–Feldman and pleading cautions in Sections II.D and IX, but it does not establish that every independent claim related to state litigation is barred. | § II.D, ¶ 9C; § IV.D–F, ¶¶ 35–46; Claims Five and Six, ¶¶ 77–86; § IX, ¶ 114; § IX.A, ¶ 114D; Prayer for Relief. |
| **Judge Gershwin A. Drain** | *Hamas v. County of Shiawassee*, No. 2:23-cv-11590, 2023 WL 6121896, at *3–5 (E.D. Mich. Sept. 19, 2023). | The court summarily dismissed claims involving an ongoing state criminal matter and immune judicial defendants. The decision is relevant to abstention and immunity only at a general level; it does not establish Monell liability, the existence of a county policy, or the applicability of an exception to *Younger* here. | § VI, ¶¶ 90–97; § VIII, ¶¶ 103–108; § IX, ¶¶ 110–114C; § IX.A, ¶ 114D; Prayer for Relief § B. |

| Judicial Officer | Verified Ruling Presently Cited | Expanded Legal Proposition and Application | Complaint Sections Supported |
|---|---|---|---|
| **Judge Nancy G. Edmunds** | *Ranke v. Federspiel*, No. 2:23-cv-11300, ECF No. 36 (E.D. Mich. Mar. 26, 2024). | The court adopted a recommendation dismissing claims against a state judge on judicial-immunity grounds. It supports the general functional-immunity analysis in Section IX but does not decide whether Plaintiff's requested prospective relief is available under § 1983 or *Ex parte Young*. | § IX, ¶¶ 110–113; § IX.A, ¶¶ 114D–114E; Prayer for Relief §§ A–C. |
| **Judge Bernard A. Friedman** | No directly relevant verified ruling presently included. | No legal proposition from this judicial officer is presently used. Any later addition should identify a directly relevant holding and explain its fit with a specific pleaded claim or defense. | None presently. |
| **Judge Mark A. Goldsmith** | No directly relevant verified ruling presently included. | No legal proposition from this judicial officer is presently used; no inference is drawn from the absence of an entry. | None presently. |
| **Judge Jonathan J.C. Grey** | No directly relevant verified ruling presently included. | No verified ruling is presently relied upon for jurisdiction, immunity, access to courts, conspiracy, abstention, or municipal liability. | None presently. |
| **Judge Denise Page Hood** | No separate prior ruling presently included; related Case No. 2:26-cv-12311-DPH-EAS is assigned to Judge Hood. | The assignment of the related federal action is included only as a procedural fact supporting the related-case allegations and the asserted chronology. It is not a holding, precedent, evidence of coordination, or substantive authority for any constitutional claim. | Caption; § II.C, ¶ 9; § IV.A, ¶¶ 17–20; § IV.D, ¶¶ 35–39; Claim Four; Claim Five. |
| **Judge Shalina D. Kumar** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |

| Judicial Officer | Verified Ruling Presently Cited | Expanded Legal Proposition and Application | Complaint Sections Supported |
|---|---|---|---|
| **Judge David M. Lawson** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge Matthew F. Leitman** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge Judith E. Levy** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge Thomas L. Ludington** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge Michael C. Martin** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge Brandy R. McMillion** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge Laurie J. Michelson** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge Linda V. Parker** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge George Caram Steeh** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Judge Robert J. White** | No directly relevant verified ruling presently included. | No substantive proposition from this judicial officer is presently cited or applied. | None presently. |
| **Chief Magistrate Judge David R. Grand** | No directly relevant verified ruling presently included. | No report and recommendation or order from this judicial officer is presently relied upon. Any future entry should distinguish a magistrate judge's recommendation from an adopted district-court ruling and identify the adopting order where applicable. | None presently. |
| **Magistrate Judge Kimberly G. Altman** | No directly relevant verified ruling presently included. | No report and recommendation or order from this judicial officer is presently cited or applied. | None presently. |

| Judicial Officer | Verified Ruling Presently Cited | Expanded Legal Proposition and Application | Complaint Sections Supported |
| --- | --- | --- | --- |
| **Magistrate Judge Curtis Ivy, Jr.** | No directly relevant verified ruling presently included. | No report and recommendation or order from this judicial officer is presently cited or applied. | None presently. |
| **Magistrate Judge Patricia T. Morris** | No directly relevant verified ruling presently included. | No report and recommendation or order from this judicial officer is presently cited or applied. | None presently. |
| **Magistrate Judge Anthony P. Patti** | No directly relevant verified ruling presently included. | No report and recommendation or order from this judicial officer is presently cited or applied. | None presently. |
| **Magistrate Judge Elizabeth A. Stafford** | No directly relevant verified ruling presently included. | No report and recommendation or order from this judicial officer is presently cited or applied. | None presently. |

## I. PRELIMINARY STATEMENT

**1.** This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1985, with remedies governed in part by 42 U.S.C. § 1988, and the First and Fourteenth Amendments to the United States Constitution. Plaintiff **Richard Allen Smith Sr**, proceeding pro se, alleges that the named Defendants, acting under color of state law, interfered with his rights of access to the courts, due process, equal protection, and petition for redress of grievances.

**2.** Defendants, acting individually and in concert with one another under color of state law, engaged in a systematic pattern of scheduling manipulation, coordinated judicial interference, and conspiracy to deprive Plaintiff of his First and Fourteenth Amendment rights of access to the courts. Specifically, Defendant Julia B. Owdziej, acting in her capacity as a judge of the Washtenaw County Trial Court, 22nd Judicial Circuit, deliberately stacked multiple civil harassment proceedings — Cases Nos. 26-000748-NH, 26-000749-NH, and 26-000902-NH — on the same date and at the same time, rendering Plaintiff's physical attendance at all proceedings simultaneously and physically impossible. Concurrently, and in further furtherance of this scheme, Defendant Owdziej caused or permitted Plaintiff's criminal appeal, Case No. 26-001936-AR, to be transferred and rescheduled into her own courtroom, thereby consolidating control over all of Plaintiff's pending state court proceedings within a single judicial officer.

**3.** The foregoing conduct did not occur in isolation. Rather, it was coordinated with, and designed to interfere with, Plaintiff's ability to prosecute his pending federal civil rights action, Case No. 2:26-cv-12311-DPH-EAS, currently pending before the Honorable Denise

Page Hood in this District. Defendants' actions, taken collectively and in concert, constitute a conspiracy to obstruct justice in a United States District Court, to deny Plaintiff equal protection of the laws, to retaliate against him for exercising his First Amendment right to petition the courts, and to deprive him of his fundamental right of meaningful access to the judicial system. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

**4.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

**5.** This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), which grants jurisdiction over civil actions to redress deprivations, under color of state law, of rights, privileges, or immunities secured by the Constitution of the United States; and 28 U.S.C. § 1343(a)(4), which grants jurisdiction over civil actions to recover damages or secure equitable relief under any Act of Congress providing for the protection of civil rights.

**6.** The substantive statutory bases asserted are 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Section 1988 concerns fees, costs, and related remedial matters and does not create an independent cause of action. The constitutional provisions invoked are the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

**7.** This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and the Declaratory Judgment Act.

**B. Venue**

**8.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all of the acts and omissions giving rise to Plaintiff's claims occurred in Washtenaw County, Michigan, which is located within the Eastern District of Michigan, Southern Division. All Defendants are located in, and all relevant governmental entities operate within, the Eastern District of Michigan.

**C. Related Case**

**9.** This action is related to Case No. 2:26-cv-12311-DPH-EAS, currently pending before the Honorable Denise Page Hood in the United States District Court for the Eastern District of Michigan. This action and Case No. 2:26-cv-12311-DPH-EAS arise from a common nucleus of operative facts, involve common questions of law and fact, and share overlapping parties and subject matter. Consolidation or coordination with Case No. 2:26-cv-12311-DPH-EAS may be appropriate pursuant to Local Rule 83.11.

**D. Jurisdictional Analysis and Limitations**

**9A.** The Complaint presents federal questions on its face because Plaintiff seeks relief for alleged violations of the First and Fourteenth Amendments through 42 U.S.C. §§ 1983 and 1985. Jurisdiction therefore arises under 28 U.S.C. §§ 1331 and 1343(a)(1), (3), and (4), without regard to the amount in controversy. *See Bell v. Hood*, 327 U.S. 678, 681–82 (1946); *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 642–43 (2002). Section 1988

governs remedies and fee-shifting but does not independently create a cause of action or confer subject-matter jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 702–06 (1973).

**9B.** Immunity and the merits are distinct from the existence of federal-question jurisdiction. The Court may possess subject-matter jurisdiction yet dismiss particular defendants, forms of relief, or claims because of sovereign immunity, absolute immunity, qualified immunity, failure to identify a statutory "person," or failure to plead a plausible constitutional deprivation. *See Bell*, 327 U.S. at 682; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89–90 (1998). The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, supplies a remedy only where an independent jurisdictional basis and an actual, ongoing controversy exist. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007).

**9C.** Prospective relief against a state official must be directed to an ongoing violation of federal law and to an official who has a sufficient connection to enforcement or implementation of the challenged practice. *Ex parte Young*, 209 U.S. 123, 157, 159–60 (1908); *Verizon Md.*, 535 U.S. at 645. Any request effectively seeking appellate review, reversal, or modification of a final state-court judgment is outside the district court's appellate authority. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84, 292 (2005). By contrast, an independent federal claim is not barred merely because it concerns conduct related to state litigation. *Skinner v. Switzer*, 562 U.S. 521, 532–33 (2011). Any requested injunction also remains subject to 42 U.S.C. § 1983's judicial-officer limitation, principles of comity, and applicable abstention doctrines.

## III. PARTIES

**A. Plaintiff**

**10.** Plaintiff **Richard Allen Smith Sr** is a natural person, citizen of the United States, and resident of Washtenaw County, Michigan. At all times relevant to this Complaint, Plaintiff was a litigant with active pending matters before both the Washtenaw County Trial Court, 22nd Judicial Circuit, and the United States District Court for the Eastern District of Michigan. Plaintiff brings this action in his individual capacity.

**B. Defendants**

**11. Defendant JULIA B. OWDZIEJ** is, and at all times relevant herein was, a Judge of the Washtenaw County Trial Court, 22nd Judicial Circuit, Washtenaw County, Michigan. Plaintiff alleges that Defendant Owdziej acted under color of state law. She is sued individually only to the extent a claim concerns conduct not protected by judicial immunity, and officially only for declaratory relief and any prospective relief permitted by federal law. Under 42 U.S.C. § 1983, injunctive relief against a judicial officer for an act or omission taken in a judicial capacity is unavailable unless a declaratory decree was violated or declaratory relief was unavailable. Requesting declaratory relief does not itself satisfy either condition. Defendant Owdziej's address for service of process is the Washtenaw County Trial Court, 101 East Huron Street, Ann Arbor, Michigan 48107.

11A. Defendant ARIANNE E. SLAY is a Judge of the Washtenaw County Trial Court, 22nd Judicial Circuit, and acted under color of state law. She is sued individually for any nonjudicial acts and officially for declaratory relief and any injunctive relief permitted by 42 U.S.C. § 1983. Based on the facts alleged in this Complaint, upon information and belief, Defendant Slay participated in, approved, or implemented scheduling or assignment decisions affecting the NH Cases and criminal appeal No. 26-001936-AR. Judge Slay presently presides over personal-protection-order and criminal-law dockets. Her address for service of process is the Washtenaw County Trial Court, 101 East Huron Street, Ann Arbor, Michigan 48107.

**12. Defendant WASHTENAW COUNTY TRIAL COURT** is the 22nd Judicial Circuit Court of Washtenaw County, Michigan, a state court and governmental entity operating under color

of state law in the administration of justice in Washtenaw County. Plaintiff asserts claims against the Washtenaw County Trial Court solely in its administrative capacity — i.e., with respect to its scheduling policies, customs, practices, and administrative procedures — and not with respect to its adjudicative judicial functions. Municipal liability for the administrative acts and omissions of a court-level governmental entity is cognizable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), and its progeny, to the extent the entity exercises governmental authority independent of its judicial function. The Washtenaw County Trial Court's principal address is 101 East Huron Street, Ann Arbor, Michigan 48107.

**13. Defendant WASHTENAW COUNTY** is a Michigan county organized and existing under the laws of the State of Michigan, constituting a local governmental entity subject to suit under 42 U.S.C. § 1983 pursuant to *Monell*, 436 U.S. at 690–91. Washtenaw County, through its officials and policymakers, maintained, enforced, and ratified the official policies, customs, and practices that enabled, facilitated, and caused the constitutional violations alleged herein. Washtenaw County is responsible for the funding, administration, and oversight of the Washtenaw County Trial Court and the Washtenaw County Prosecutor's Office. Washtenaw County's principal address is 200 North Main Street, Ann Arbor, Michigan 48104.

**14. Defendant WASHTENAW COUNTY PROSECUTOR'S OFFICE** is the prosecutorial arm of Washtenaw County, Michigan, operating under color of state law in the prosecution of criminal matters within the county, including Case No. 26-001936-AR. The Prosecutor's Office participated in, facilitated, and furthered the conspiracy alleged herein by coordinating its prosecutorial actions in the state criminal appeal with the scheduling

conduct of Defendant Owdziej, and by pursuing a prosecutorial posture designed to prejudice Plaintiff's position in both state and federal proceedings. The Washtenaw County Prosecutor's Office's principal address is 200 North Main Street, Suite 2050, Ann Arbor, Michigan 48104.

**15. Defendant THE BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN** is a constitutional body corporate established under Article VIII, Section 5 of the Michigan Constitution of 1963. The Board of Regents exercises broad governmental and quasi-governmental powers delegated by the State of Michigan, including control over the University of Michigan — a major state institution. Defendant Board of Regents, acting under color of state law through its agents, officials, and representatives, conspired with the other Defendants named herein to subject Plaintiff to adverse legal proceedings and to bring coordinated institutional pressure to bear upon Plaintiff, leveraging the state court system and governmental relationships to interfere with Plaintiff's exercise of his constitutional rights and to suppress his ability to obtain judicial redress. The Board of Regents' principal address is 1109 Fleming Administration Building, 503 Thompson Street, Ann Arbor, Michigan 48109.

**16. Defendants JOHN AND JANE DOES 1–10** are currently unknown individuals, including but not limited to agents, employees, officials, representatives, or contractors of one or more of the named Defendants, who participated in, furthered, directed, or ratified the conspiracy and constitutional violations alleged herein. Plaintiff is presently unable to identify the Doe Defendants by name because their identities are not known to him and cannot be determined without the benefit of discovery. Plaintiff reserves the right to

amend this Complaint to identify and name each Doe Defendant upon the completion of reasonable discovery.

## IV. FACTUAL ALLEGATIONS

### A. Background and Prior Federal Proceedings

**17.** Plaintiff **Richard Allen Smith Sr** is a litigant with multiple pending matters before both the Washtenaw County Trial Court, 22nd Judicial Circuit, and the United States District Court for the Eastern District of Michigan. These proceedings are interrelated and arise from a common set of facts involving Defendants' conduct toward Plaintiff.

**18.** On or about 07/07/2026, Plaintiff filed a civil rights action in this District, which has been assigned Case No. 2:26-cv-12311-DPH-EAS and assigned to the Honorable Denise Page Hood, United States District Judge. That case asserts constitutional violations arising from Defendants' conduct toward Plaintiff and remains active and pending before this Court.

**19.** Plaintiff's federal action, Case No. 2:26-cv-12311-DPH-EAS, placed all Defendants on actual notice of Plaintiff's constitutional claims and his determination to pursue them through the federal court system. This notice, and Defendants' awareness of the potentially significant consequences of the federal litigation, created a powerful and concrete motive for Defendants to coordinate actions designed to frustrate, impede, and ultimately defeat Plaintiff's ability to prosecute his federal case.

**20.** The filing and active prosecution of Case No. 2:26-cv-12311-DPH-EAS constitutes protected activity under the First Amendment's Petition Clause, as it represents Plaintiff's exercise of his fundamental right to seek redress of grievances through the courts.

Defendants' subsequent conduct, as described herein, constitutes unlawful retaliation against Plaintiff for engaging in this protected activity.

**B. The Civil Harassment Cases — NH Dockets**

**21.** Plaintiff has appearances, hearings, and substantial legal interests in three state civil proceedings pending before the Washtenaw County Trial Court, 22nd Judicial Circuit, denominated as follows: Case No. 26-000748-NH; Case No. 26-000749-NH; and Case No. 26-000902-NH (collectively, the "NH Cases"). These are civil harassment matters in which Plaintiff's rights and interests are directly at stake and in which his physical attendance and active participation are legally required to protect those rights.

**22.** Defendants Owdziej and Slay, acting individually or in coordination through their respective judicial and administrative responsibilities, deliberately and without legitimate scheduling justification, caused or ordered hearings in two or more of the NH Cases to be scheduled for the same date and the same time. This simultaneous scheduling made it physically impossible for Plaintiff, as a pro se litigant without the ability to appear through counsel in multiple courtrooms simultaneously, to attend all scheduled hearings.

**23.** As a direct and proximate result of the simultaneous scheduling of the NH Cases, Plaintiff was denied the opportunity to be heard in one or more of these proceedings. The denial of Plaintiff's opportunity to appear and be heard caused or contributed to default entries, adverse interim rulings, loss of hearing dates, and other prejudicial outcomes that directly harmed Plaintiff's legal interests in those proceedings.

**24.** No lawful or legitimate scheduling necessity justified the simultaneous scheduling of the NH Cases. The cases involve different docket numbers, different underlying fact

patterns, and separate proceedings, each of which independently requires Plaintiff's attention and presence. There is no administrative or judicial rationale that would require or justify scheduling hearings in all three matters at the same date and time.

**25.** The scheduling decisions were not random administrative errors or the product of inadvertent calendar conflicts. Rather, they reflected a deliberate and repeated pattern of conduct, specifically designed to frustrate Plaintiff's ability to participate meaningfully in each of his pending state court matters.

**26.** Upon information and belief, other parties and their counsel in the NH Cases were given advance notice of the scheduling, were not subjected to similar conflicts, and were unaffected by the simultaneous scheduling of hearings. This disparate and discriminatory application of scheduling authority demonstrates that the simultaneous scheduling was directed specifically at Plaintiff as a disfavored litigant, and not the result of general docket management.

**27.** The pattern of scheduling manipulation in the NH Cases is not an isolated incident but reflects a continuing course of conduct extending across multiple hearings and multiple case numbers, evidencing a deliberate strategy of deprivation rather than isolated administrative oversight.

**C. The Criminal Appeal — Case No. 26-001936-AR**

**28.** Case No. 26-001936-AR is Plaintiff's criminal appeal pending before the Washtenaw County Trial Court, 22nd Judicial Circuit. This appeal arises from criminal proceedings in which Plaintiff's liberty and rights are directly at stake. Plaintiff has a constitutionally

protected liberty interest in the proper, fair, and impartial adjudication of his criminal appeal.

**29.** On or about 09/18/2026, Case No. 26-001936-AR — which had been assigned to, or was proceeding before, a different judicial officer or in a different courtroom — was transferred and rescheduled into the courtroom of Defendant Owdziej, the same judicial officer responsible for the scheduling manipulation in the NH Cases described above. Upon information and belief, Defendant Slay participated in, approved, or implemented the assignment or scheduling process affecting that appeal, consistent with her criminal-docket responsibilities.

**30.** The criminal appeal, Case No. 26-001936-AR, has been rescheduled for a hearing on October 21, 2026, before Defendant Owdziej.

**31.** The transfer of Case No. 26-001936-AR to Defendant Owdziej's courtroom was not consistent with standard court assignment and reassignment procedures. The transfer lacked a legitimate administrative basis, was not requested by Plaintiff, and was not accompanied by any written explanation or order identifying a valid justification for the reassignment.

**32.** Defendant Owdziej's assumption of jurisdiction over Plaintiff's criminal appeal, combined with her existing control over the NH civil matters, creates an untenable conflict of interest and constitutes a calculated effort to consolidate control over all of Plaintiff's pending state court proceedings within a single judicial officer who has already demonstrated, through the scheduling manipulation described herein, a pattern of hostility to Plaintiff's interests and his ability to litigate effectively.

**33.** The October 21, 2026 hearing date in Case No. 26-001936-AR was set in a manner designed to conflict with, interfere with, or create additional burdens on Plaintiff's ability to manage his concurrent federal litigation obligations in Case No. 2:26-cv-12311-DPH-EAS. The proximity of this hearing to obligations and proceedings in the federal case is not coincidental, but is consistent with the broader pattern of coordinated interference described herein.

**34.** An impartial adjudication of Plaintiff's criminal appeal requires a judicial officer free from actual or apparent bias, conflict of interest, and demonstrated prior hostility to Plaintiff's legal position. Defendant Owdziej, by virtue of the conduct alleged herein, cannot provide Plaintiff with the impartial tribunal to which he is constitutionally entitled in the adjudication of his criminal appeal.

**D. Coordination with Federal Proceedings**

**35.** On multiple occasions, significant scheduling events in Plaintiff's state court matters — including hearings in the NH Cases and scheduling events in the criminal appeal — have been set on the same dates as, or in dangerously close proximity to, significant proceedings, deadlines, briefing schedules, and conferences in federal Case No. 2:26-cv-12311-DPH-EAS.

**36.** This coordinated scheduling pattern creates compounding, cascading, and irreconcilable conflicts for Plaintiff, who cannot simultaneously attend state court hearings in Washtenaw County and comply with federal court obligations or attend federal court proceedings on the same day. Federal court obligations carry the force of federal law and this Court's authority, and Plaintiff cannot simply ignore them in favor of state proceedings.

**37.** The pattern of simultaneous state and federal scheduling interference is not coincidental. The degree of coordination required to consistently schedule state proceedings on dates conflicting with federal obligations — across multiple case numbers, multiple types of proceedings, and over a sustained period of time — is not consistent with random administrative scheduling. It reflects a coordinated design by Defendants, acting in concert, to impair Plaintiff's ability to prosecute his federal civil rights action.

**38.** The cumulative effect of this coordinated interference is to constructively deny Plaintiff meaningful access to both the state and federal court systems simultaneously. By creating conflicts that force Plaintiff to choose between his state and federal obligations, Defendants effectively ensure that he will be unable to fully prosecute or defend his rights in either forum. This is precisely the outcome Defendants seek to achieve.

**39.** Plaintiff invokes 42 U.S.C. § 1985(2), but same-day or closely timed state and federal events do not, without more, establish a conspiracy or the force, intimidation, threat, deterrence, or retaliatory injury required by the federal-court clause. The viability of this theory depends on additional defendant-specific facts satisfying the statutory elements described in Claim Five.

**E. The Role of the Washtenaw County Prosecutor's Office**

**40.** The Washtenaw County Prosecutor's Office has actively prosecuted and participated in Case No. 26-001936-AR and in the underlying criminal matter from which that appeal arises. The Prosecutor's Office, as a participant in the state criminal proceedings, has direct influence over the scheduling, pace, and posture of those proceedings.

**41.** In coordination with Defendant Owdziej and other Defendants, the Washtenaw County Prosecutor's Office has taken positions, filed pleadings, and pursued actions in the criminal appeal designed to maintain maximum prosecutorial pressure on Plaintiff and to coincide with adverse scheduling events in Plaintiff's civil proceedings. These prosecutorial actions have been timed, calibrated, and directed not primarily toward legitimate law enforcement objectives, but toward the collateral purpose of burdening and impairing Plaintiff's ability to engage in his civil and federal litigation.

**42.** The Prosecutor's Office's conduct in the criminal matter is part of a broader pattern of institutional coordination among Defendants to deprive Plaintiff of meaningful access to the courts and to retaliate against him for asserting his federal constitutional rights. The use of prosecutorial authority as an instrument of retaliation against a civil rights litigant violates the First and Fourteenth Amendments and gives rise to liability under 42 U.S.C. §§ 1983 and 1985.

**F. The Role of the University of Michigan Board of Regents**

**43.** Defendant Board of Regents of the University of Michigan, as a constitutional governmental body exercising state power, is or was in an adverse relationship with Plaintiff arising from matters connected to or giving rise to the NH civil harassment cases and the federal litigation in Case No. 2:26-cv-12311-DPH-EAS. The Board of Regents' institutional interests are directly implicated by, and adverse to, Plaintiff's claims in those proceedings.

**44.** Upon information and belief, agents, officials, or representatives of the Board of Regents communicated with agents of Washtenaw County, the Washtenaw County Prosecutor's Office, and/or the Washtenaw County Trial Court regarding Plaintiff's pending

legal matters, his litigation strategy, and the posture of the various proceedings in which Plaintiff is involved.

**45.** Such communications and coordinated actions were designed to leverage the governmental authority, institutional resources, and political influence of the Board of Regents, Washtenaw County, and the judicial system to suppress Plaintiff's exercise of his constitutional rights and to impede his ability to obtain redress in court. This leveraging of governmental relationships against an individual litigant constitutes a conspiracy to deprive him of the equal protection of the laws.

**46.** Plaintiff presently alleges coordination among institutional actors but does not identify membership in a class recognized under controlling § 1985(3) authority or facts showing invidiously discriminatory class-based animus. The allegations therefore support, at most, investigation of the asserted coordination and do not independently establish the class-animus element required by *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

**G. Pattern and Custom**

**47.** The conduct described in this Complaint reflects a custom, practice, or de facto policy of Washtenaw County and the Washtenaw County Trial Court that tolerates, condones, or encourages judicial scheduling manipulation as a means of managing disfavored litigants — particularly pro se litigants who lack the resources to engage multiple attorneys to appear simultaneously in conflicting proceedings.

**48.** This custom or practice has been applied on multiple occasions against Plaintiff, across multiple case numbers and multiple types of proceedings, demonstrating that it is not a

random or isolated occurrence but a settled pattern of governmental conduct rising to the level of a constitutional violation under *Monell*.

**49.** Supervisory officials within Washtenaw County, including but not limited to the Washtenaw County Administrator and the Chief Judge of the Washtenaw County Trial Court, 22nd Judicial Circuit, had actual or constructive knowledge of the pattern of scheduling manipulation directed against Plaintiff and similarly situated disfavored litigants.

**50.** Despite this actual or constructive knowledge, those supervisory officials failed to intervene, correct, remediate, or discipline the individuals responsible for the scheduling manipulation. Their deliberate indifference to this pattern of constitutional violations constitutes ratification of those violations, and renders Washtenaw County and the Washtenaw County Trial Court liable under the Monell doctrine and the supervisory liability principles of *City of Canton v. Harris*, 489 U.S. 378 (1989).

## V. CONSTITUTIONAL AND LEGAL CLAIMS

### CLAIM ONE

### Violation of 42 U.S.C. § 1983 — Denial of Right of Access to Courts

(First and Fourteenth Amendments to the United States Constitution)

*(Against All Defendants)*

**51.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 50 of this Complaint.

**52.** The Constitution protects meaningful access to the courts. To state a backward-looking denial-of-access claim, a plaintiff must identify a nonfrivolous underlying claim, official conduct that frustrated the litigation, and a remedy that cannot otherwise be obtained. *Christopher v. Harbury*, 536 U.S. 403, 413–18 (2002).

**53.** A plaintiff must plead an actual litigation injury rather than inconvenience alone. *Christopher*, 536 U.S. at 415–16. Accordingly, this claim depends on facts showing that Defendants' conduct caused the loss or material impairment of a specifically identified, nonfrivolous claim or defense and that ordinary state or federal procedures could not provide an adequate remedy.

**54.** Plaintiff's NH Cases and his criminal appeal, Case No. 26-001936-AR, are non-frivolous legal proceedings in which Plaintiff's constitutional, statutory, and civil rights are directly implicated. Plaintiff's federal civil rights case, No. 2:26-cv-12311-DPH-EAS, is a non-frivolous action asserting substantial federal constitutional claims. Defendants' deliberate scheduling of multiple hearings at the same date and time — rendering simultaneous attendance physically impossible — constitutes a denial of meaningful access to courts under color of state law.

**55.** The elements of Plaintiff's access-to-courts claim are established as follows with respect to each Defendant:

(a) Color of State Law: Each Defendant acted under color of state law. Defendant Owdziej acted as a state court judge. The Washtenaw County Trial Court, Washtenaw County, and the Washtenaw County Prosecutor's Office are governmental entities and agents acting pursuant to state authority. The Board of Regents is a constitutional body corporate

exercising state power. All actions described herein were taken in the exercise of state authority.

(b) Deprivation of Constitutional Right: Defendants' deliberate scheduling manipulation deprived Plaintiff of his fundamental right of access to courts by making it physically impossible for him to attend all of his scheduled proceedings and by creating irreconcilable conflicts between his state court obligations and his federal litigation obligations.

(c) Actual Injury: Plaintiff suffered actual, concrete injury as a direct and proximate result of Defendants' conduct, including: (i) deprivation of his right to attend and be heard at one or more of his scheduled state court hearings; (ii) default entries, adverse rulings, or other prejudicial outcomes obtained in his absence; (iii) impairment of his ability to prosecute federal Case No. 2:26-cv-12311-DPH-EAS; and (iv) loss of litigation opportunities that cannot be restored.

**56.** With respect to the entity Defendants — Washtenaw County Trial Court and Washtenaw County — Monell liability attaches because the constitutional violations were caused by an official custom, policy, or practice of those entities, as described in paragraphs 47 through 50 above and more fully in Section VI below.

**57.** As a direct and proximate result of Defendants' violation of Plaintiff's right of access to courts, Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial, including compensatory damages, reputational harm, and loss of meritorious legal claims and positions. Plaintiff is also entitled to declaratory relief, injunctive relief, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**CLAIM TWO**

**Violation of 42 U.S.C. § 1983 — Denial of Due Process of Law**

(Fourteenth Amendment to the United States Constitution)

*(Against All Defendants)*

**58.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 57 of this Complaint.

**59.** The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Clause encompasses both procedural and substantive due process protections.

**60.** Procedural Due Process: Plaintiff had a constitutionally protected liberty interest in the proper and fair adjudication of his criminal appeal, Case No. 26-001936-AR, as the criminal proceedings implicate his liberty. Plaintiff also had property interests in the outcomes of his civil proceedings in the NH Cases, as those proceedings involve legally cognizable rights and interests. The minimum requirements of procedural due process include meaningful notice and a meaningful opportunity to be heard before an impartial tribunal. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**61.** Defendants' deliberate scheduling of multiple hearings at the same date and time denied Plaintiff a meaningful opportunity to be heard at his own proceedings. Because Plaintiff was physically prevented from attending all simultaneously scheduled hearings, he

was denied the procedural due process to which he is constitutionally entitled — specifically, the right to be present, to present evidence, to cross-examine, and to make arguments on his own behalf.

**62.** Substantive Due Process: The arbitrary manipulation of case assignments and scheduling, without any legitimate governmental justification, also violates substantive due process. Where executive or judicial action is so arbitrary, capricious, and oppressive as to "shock the conscience," it violates the substantive component of the Due Process Clause. *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998); *Rochin v. California*, 342 U.S. 165, 172–73 (1952). The deliberate stacking of multiple hearings at identical times, the transfer of a criminal appeal to a courtroom presiding over adverse civil proceedings, and the coordinated effort to impair Plaintiff's federal litigation — all without any legitimate administrative rationale — constitutes conscience-shocking conduct that violates substantive due process.

**63.** Defendant Owdziej's transfer of jurisdiction over Plaintiff's criminal appeal into her own courtroom, combined with her conduct in the NH civil matters, deprives Plaintiff of his constitutionally protected right to an impartial adjudicator in the resolution of his criminal appeal — a component of both procedural and substantive due process.

**64.** As a direct and proximate result of Defendants' violation of Plaintiff's due process rights, Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial. Plaintiff is also entitled to declaratory relief, injunctive relief, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**CLAIM THREE**

**Violation of 42 U.S.C. § 1983 — Denial of Equal Protection of the Laws**

(Fourteenth Amendment to the United States Constitution)

*(Against All Defendants)*

**65.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 64 of this Complaint.

**66.** The Equal Protection Clause of the Fourteenth Amendment prohibits state actors from treating similarly situated individuals differently without a rational basis, and prohibits the discriminatory application of facially neutral laws, rules, and procedures. The Equal Protection Clause requires that governmental authority be exercised in a manner that is equal, uniform, and non-discriminatory in its application.

**67.** Defendants deliberately singled out Plaintiff for adverse scheduling treatment that was not applied to other similarly situated litigants, attorneys, or parties appearing before the Washtenaw County Trial Court. Other litigants with multiple pending matters in the 22nd Circuit Court were not subjected to the simultaneous scheduling of multiple hearings at identical times. Other criminal appeal defendants were not subjected to the non-routine transfer of their cases to a single judicial officer presiding over all of their adverse civil matters.

**68.** This deliberate singling out of Plaintiff — without rational basis — violates the Equal Protection Clause under the "class of one" theory recognized by the Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), which holds that a plaintiff may state a viable equal protection claim where he alleges that he has been intentionally treated

differently from others similarly situated and that there is no rational basis for the difference in treatment.

**69.** Plaintiff's status as a litigant asserting civil-rights claims is not, standing alone, alleged as membership in a protected class. Any equal-protection theory therefore depends on sufficiently pleaded similarly situated comparators, intentional differential treatment, and the absence of a rational basis, subject to any limits applicable to discretionary governmental decision-making.

**70.** As a direct and proximate result of Defendants' violation of Plaintiff's equal protection rights, Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial. Plaintiff is also entitled to declaratory relief, injunctive relief, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## CLAIM FOUR

### Violation of 42 U.S.C. § 1983 — First Amendment Retaliation

(First and Fourteenth Amendments to the United States Constitution)

*(Against All Defendants)*

**71.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 70 of this Complaint.

**72.** The First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, protects every citizen's fundamental right to petition the government for redress of grievances, including the right to file and prosecute lawsuits

in state and federal courts. *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524–25 (2002).

**73.** Plaintiff's filing and prosecution of federal Case No. 2:26-cv-12311-DPH-EAS in this District, and his assertion of constitutional claims in his state court proceedings, constitute constitutionally protected petitioning activity within the meaning of the First Amendment's Petition Clause. This protected activity was not frivolous, vexatious, or otherwise stripped of constitutional protection.

**74.** To state a cognizable claim for First Amendment retaliation under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) he engaged in constitutionally protected activity; (2) the defendant's adverse action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the adverse action was motivated at least in part by the protected activity. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc); *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 294 (6th Cir. 2012).

**75.** All three elements of a First Amendment retaliation claim are satisfied here:

(a) Protected Activity: As alleged above, Plaintiff's filing and prosecution of his federal civil rights case and his assertion of constitutional claims in state proceedings constitute protected petitioning activity.

(b) Adverse Action Causing Injury: Defendants' scheduling manipulation, transfer of the criminal appeal to Defendant Owdziej's courtroom, and coordinated interference with Plaintiff's litigation capacity constitute adverse actions that caused Plaintiff to suffer

concrete injury. These actions would chill a person of ordinary firmness from continuing to pursue federal civil rights litigation against governmental defendants.

(c) Retaliatory Motive: The adverse actions described herein were motivated, at least in part, by Plaintiff's protected petitioning activity. The temporal proximity between Plaintiff's filing of his federal action and the escalation of scheduling interference, combined with the targeting of Plaintiff's specific litigation obligations, provides strong evidence of retaliatory motive. The absence of any legitimate administrative justification for the adverse scheduling decisions further supports the inference of retaliation.

**76.** As a direct and proximate result of Defendants' First Amendment retaliation, Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial. Plaintiff is also entitled to declaratory relief, injunctive relief, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**CLAIM FIVE**

**Violation of 42 U.S.C. § 1985(2) — Conspiracy to Obstruct Justice in Federal Court**

*(Against All Defendants)*

**77.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 76 of this Complaint.

**78.** 42 U.S.C. § 1985(2) provides, in relevant part, that it shall be unlawful for "two or more persons" to "conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person

or property on account of his having so attended or testified," and further prohibits conspiracies to "obstruct the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws."

**79.** The first clause of 42 U.S.C. § 1985(2) concerns conspiracies using force, intimidation, or threat to deter a party or witness from attending or testifying freely in federal court, or to injure a party or witness because of having attended or testified. Scheduling conflicts, standing alone, do not establish those statutory elements. This claim therefore depends on well-pleaded facts showing an agreement and conduct amounting to the force, intimidation, threat, deterrence, or retaliatory injury specified by the statute.

**80.** The conspiracy involved, at a minimum, Defendant Owdziej, Defendant Slay, agents and officials of the Washtenaw County Prosecutor's Office, officials of Washtenaw County, and representatives or agents of the Board of Regents of the University of Michigan. The coordination necessary to consistently schedule state proceedings in conflict with federal court obligations, across multiple case numbers and over a sustained period, could not have occurred without the concerted agreement and action of at least two persons — the minimum required by § 1985(2).

**81.** The Supreme Court has held that the first clause of § 1985(2) — which prohibits conspiracies to obstruct justice in federal court — does not require a showing of class-based discriminatory animus. *Kush v. Rutledge*, 460 U.S. 719, 724–31 (1983). Accordingly, Plaintiff's § 1985(2) claim under the first clause is not subject to the class-animus requirement that applies to § 1985(3) claims.

**82.** As a direct and proximate result of Defendants' conspiracy to obstruct justice in a United States district court, Plaintiff has suffered, and continues to suffer, damages in an

amount to be proven at trial, including impairment of his ability to prosecute Case No. 2:26-cv-12311-DPH-EAS, loss of litigation opportunities, and harm to his legal interests. Plaintiff is entitled to compensatory damages, punitive damages against the individual Defendants, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**CLAIM SIX**

**Violation of 42 U.S.C. § 1985(3) — Conspiracy to Deprive of Equal Protection**

*(Against All Defendants)*

**83.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 82 of this Complaint.

**84.** 42 U.S.C. § 1985(3) prohibits two or more persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) injury to the plaintiff's person or property, or deprivation of a right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971).

**85.** The pleaded chronology may be relevant to whether an agreement and acts in furtherance can ultimately be shown, but § 1985(3) also requires facts supporting a legally cognizable class and invidiously discriminatory class-based animus. *Griffin*, 403 U.S. at 102. Status as a litigant, a civil-rights claimant, a person adverse to a governmental institution, or a person exercising the right to petition is not, without additional controlling authority

and supporting facts, sufficient to satisfy that element. Plaintiff therefore does not rely on those asserted statuses as independently establishing a § 1985(3) class.

**86.** As a direct and proximate result of Defendants' conspiracy to deprive Plaintiff of equal protection, Plaintiff is entitled to compensatory damages, punitive damages against individual Defendants, declaratory relief, injunctive relief, and attorneys' fees and costs.

**CLAIM SEVEN**

**REQUEST FOR FEES AND COSTS UNDER 42 U.S.C. § 1988**

*(Against All Defendants)*

**87.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 86 of this Complaint.

**88.** Section 1988(b) permits a court, in its discretion, to award a reasonable attorney's fee to a prevailing party in specified civil-rights actions. It provides a potential remedy and does not create a separate substantive claim.

**89.** If Plaintiff prevails and is represented by counsel, he may request any attorney's fees authorized by § 1988. A pro se litigant may seek taxable costs where authorized but ordinarily may not recover attorney's fees for his own time. Any expert-fee request is limited to authority expressly permitting such an award for the claim at issue.

## VI. MONELL LIABILITY

**(Against Washtenaw County and the Washtenaw County Trial Court)**

**90.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 89 of this Complaint.

**91.** Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978), a local governmental entity may be held liable under 42 U.S.C. § 1983 when the plaintiff's constitutional injury is caused by an official policy, custom, or practice of the entity. A municipality or governmental entity is liable when the unconstitutional act was performed pursuant to a formal policy, when the governmental entity maintains a widespread custom or practice that, although not authorized by written law or policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or when a final policymaker of the governmental entity ratified unconstitutional actions taken by subordinates. *Monell*, 436 U.S. at 690–91; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

**92.** Official Policy: Upon information and belief, the Washtenaw County Trial Court and Washtenaw County maintain, whether through formal administrative procedures or written scheduling policies, official policies governing the scheduling of hearings and the assignment of cases to judicial officers. To the extent those policies grant unchecked discretion to judicial officers to schedule multiple hearings without regard for litigant availability or conflicting obligations — including conflicting federal court obligations — those policies, as applied, constitute official policies that caused or enabled the constitutional violations alleged herein.

**93.** Widespread Custom and Practice: The Washtenaw County Trial Court and Washtenaw County have maintained a widespread, persistent, and well-settled custom and practice of permitting, tolerating, and effectively encouraging scheduling manipulation against disfavored litigants — particularly pro se litigants, litigants asserting civil rights claims, or

litigants who are adverse to institutional governmental interests. This custom reflects the governmental entity's deliberate indifference to the constitutional rights of such litigants.

**94.** Policymakers: The relevant final policymakers for Washtenaw County are the Washtenaw County Board of Commissioners and the Washtenaw County Administrator, who are responsible for the policies, practices, and administration of County governmental functions, including the funding, oversight, and administration of the Prosecutor's Office. The final policymakers for the administrative functions of the Washtenaw County Trial Court include the Chief Judge of the 22nd Judicial Circuit Court, who is responsible for administrative supervision, docket management, and the assignment of cases to individual judges. The Chief Judge has final policymaking authority over scheduling and case assignment within the court's administrative operations.

**95.** Failure to Train and Supervise: Under *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), a governmental entity may be held liable under § 1983 for failure to train or supervise its employees when the failure amounts to deliberate indifference to the constitutional rights of persons with whom those employees come into contact. The Supreme Court has held that "[t]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference." *Id.* Washtenaw County and the Washtenaw County Trial Court failed to adequately train and supervise Defendant Owdziej and other court personnel in the constitutional requirements governing scheduling, case assignment, and the rights of litigants to access the courts, despite their actual or constructive knowledge that such training was necessary given the pattern of complaints and issues arising from scheduling practices.

**96.** Moving Force: The official policy, widespread custom, and failure to train and supervise described herein were the moving force behind the constitutional violations suffered by Plaintiff. But for Washtenaw County's and the Washtenaw County Trial Court's deliberate indifference to the scheduling rights of disfavored litigants, Defendant Owdziej and other Defendants would not have been able to engage in, and would not have engaged in, the pattern of scheduling manipulation described herein. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).

**97.** Ratification: To the extent the Chief Judge of the 22nd Judicial Circuit Court had actual knowledge of the scheduling manipulation directed at Plaintiff — through complaints, motions, or the observable pattern of scheduling events — and failed to take corrective action, those supervisory decisions constitute ratification of the unconstitutional conduct, imposing Monell liability on the Washtenaw County Trial Court and, derivatively, on Washtenaw County.

## VII. SUPERVISORY LIABILITY

**98.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 97 of this Complaint.

**99.** Under the Sixth Circuit's supervisory liability doctrine, a supervisory official may be held personally liable under 42 U.S.C. § 1983 where: (1) the supervisor either actively participated in or authorized the unconstitutional acts of subordinates; or (2) the supervisor had actual or constructive knowledge that subordinates were engaging in unconstitutional conduct, acquiesced in that conduct, and the acquiescence was causally related to the constitutional violation. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003).

**100.** The Chief Judge of the Washtenaw County Trial Court, 22nd Judicial Circuit, is a supervisory official with administrative authority over case assignment and docket management within the court. Upon information and belief, the Chief Judge had actual or constructive knowledge of the pattern of scheduling manipulation directed at Plaintiff — through the observable record of scheduling events across multiple cases, through any complaints or motions filed by Plaintiff in those proceedings, and through the general administrative oversight functions exercised by the Chief Judge over the court's docket. Despite this knowledge, the Chief Judge failed to intervene, correct, or remediate the constitutional violations, thereby acquiescing in and ratifying them.

**101.** The Washtenaw County Administrator and/or other supervisory officials within the County governmental structure similarly had actual or constructive knowledge of the pattern of institutional conduct described herein — including the Prosecutor's Office's participation in the coordinated campaign against Plaintiff — and failed to take corrective action, thereby imposing supervisory liability.

**102.** The supervisory failures described herein were not mere negligence but rose to the level of deliberate indifference to Plaintiff's clearly established constitutional rights, which is the applicable standard for supervisory liability under § 1983. The supervisory officials knew that constitutional violations were occurring — or were substantially certain to occur — in the absence of corrective intervention, yet deliberately chose not to act.

## VIII. YOUNGER ABSTENTION — INAPPLICABILITY

**103.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 102 of this Complaint.

**104.** The doctrine of abstention articulated in *Younger v. Harris*, 401 U.S. 37 (1971), generally restricts federal interference with pending state criminal prosecutions. The doctrine is exceptional and extends only to three categories: ongoing state criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and civil proceedings involving orders uniquely in furtherance of a state court's ability to perform its judicial functions. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). Even within those categories, abstention depends on the presence of an ongoing state proceeding implicating important state interests and an adequate opportunity to raise federal claims, subject to recognized exceptions. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

**105.** Plaintiff seeks relief affecting the scheduling and assignment of pending state matters. Because *Younger* may extend through related state appellate proceedings and because federal orders controlling a state court's handling of an ongoing criminal matter can implicate comity concerns, the Court must examine the substance and practical effect of each requested remedy rather than the label "administrative." *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). Any prospective relief must also satisfy Article III standing, 42 U.S.C. § 1983, sovereign-immunity principles, and the limits described in Section IX.

**106.** A bad-faith or harassment exception to *Younger* is narrow and is not established merely by adverse rulings, scheduling conflicts, or allegations of improper motive. *Younger*, 401 U.S. at 53–54. Plaintiff must plead specific facts showing that a qualifying ongoing proceeding was initiated or conducted without a reasonable expectation of obtaining a valid result and for an improper purpose, or facts satisfying another recognized extraordinary-circumstances exception.

**107.** *Younger* recognizes only narrow extraordinary-circumstances exceptions; ordinary litigation burden, cost, delay, or the need to defend a state proceeding generally is insufficient. *Younger*, 401 U.S. at 46, 53–54. Plaintiff must show a threat of great and immediate irreparable injury that available state procedures cannot adequately address. The present scheduling allegations do not establish that exception without additional facts concerning immediacy, severity, and the inadequacy of state remedies.

**108.** The relevant question is whether state procedures provide an adequate opportunity to raise federal issues. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The fact that a challenged judge presides in a pending matter does not, by itself, establish that the state system as a whole is inadequate, because recusal motions, review by other state judges, and appellate remedies may be available. Plaintiff must identify concrete facts showing that available state procedures are unavailable or inadequate.

## IX. JUDICIAL IMMUNITY — LIMITATIONS

**109.** Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 108 of this Complaint.

**110.** Absolute judicial immunity generally bars personal-capacity damages for acts performed in a judicial capacity, even when the act is alleged to be erroneous, malicious, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Immunity is lost only when the challenged conduct is nonjudicial in nature or is taken in the clear absence of all subject-matter jurisdiction. The relevant inquiry focuses on the function performed, including whether the act is one normally performed by a judge and whether the parties dealt with the judge in a judicial capacity.

**111.** Scheduling hearings, assigning cases, ruling on continuances, and presiding over an appeal ordinarily are judicial functions. *See Stump*, 435 U.S. at 362; *Brookings v. Clunk*, 389 F.3d 614, 617–18 (6th Cir. 2004). Accordingly, damages claims against Defendants Owdziej and Slay based solely on those functions may be barred even if Plaintiff alleges improper motive or grave procedural error. *Mireles*, 502 U.S. at 11. Personal-capacity damages remain potentially available only for adequately pleaded conduct that was nonjudicial or undertaken in the clear absence of all jurisdiction. *Id.* at 11–12. Administrative employment or court-management decisions may receive different treatment, but labeling an act "administrative" does not control; the Court examines the nature and function of the act. *Forrester v. White*, 484 U.S. 219, 224, 227–29 (1988); *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–37 (1993).

**112.** The Eleventh Amendment and state sovereign immunity generally bar damages and retrospective relief against the State, an arm of the State, and state officials sued in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 662–63, 668 (1974); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). A State and its officials acting in their official capacities are not "persons" for § 1983 damages purposes. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, to the extent the Washtenaw County Trial Court or the Board of Regents is treated as an arm of the State, claims for money damages or retrospective relief against those entities are subject to dismissal absent waiver or valid congressional abrogation; § 1983 does not itself abrogate state sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 341–45 (1979).

**113.** Under *Ex parte Young*, 209 U.S. 123 (1908), sovereign immunity does not bar a properly framed official-capacity claim against a state officer for prospective relief to stop

an ongoing violation of federal law. *Verizon Md.*, 535 U.S. at 645; *Green v. Mansour*, 474 U.S. 64, 68 (1985). That exception does not authorize retrospective damages payable by the State, relief based solely on state law, or relief against an official lacking a sufficient connection to the challenged practice. *Edelman*, 415 U.S. at 666–68; *Pennhurst*, 465 U.S. at 106; *Ex parte Young*, 209 U.S. at 157. In addition, 42 U.S.C. § 1983 provides that injunctive relief against a judicial officer for an act or omission taken in a judicial capacity shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. Merely requesting declaratory relief does not itself establish either statutory condition; Plaintiff must plead and prove facts showing that a declaratory decree was violated or that declaratory relief was unavailable.

**114.** Alleging conspiracy does not by itself defeat an otherwise applicable immunity. *Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980), permits claims against private persons alleged to have conspired with an immune judge, but it does not eliminate the judge's absolute immunity from damages for judicial acts. A viable civil-rights conspiracy claim must allege specific facts supporting an agreement, an act in furtherance, causation, and injury; parallel timing, conclusory assertions, or adverse rulings alone are insufficient. *See Twombly v. Bell Atlantic Corp.*, 550 U.S. 544, 556–57 (2007); *Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 563–64 (6th Cir. 2011). The first clause of § 1985(2), concerning interference with federal-court participation, does not require class-based animus, while claims under § 1985(3) ordinarily require a legally cognizable class-based, invidiously discriminatory animus. *Kush v. Rutledge*, 460 U.S. 719, 724–26 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

**114A.** Prosecutors possess absolute immunity from personal-capacity damages for conduct intimately associated with the judicial phase of a criminal case, including initiating a prosecution, presenting the State's case, and advocacy in court. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). The analysis is functional: investigative or administrative conduct outside the advocacy role may receive only qualified immunity. *Burns v. Reed*, 500 U.S. 478, 486, 492–96 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 273–76 (1993); *Kalina v. Fletcher*, 522 U.S. 118, 125–31 (1997). The Prosecutor's Office itself may also be subject to dismissal if it lacks a legal identity separate from the County; any municipal claim must be directed to a suable local entity and must satisfy *Monell*.

**114B.** For individual-capacity conduct not protected by absolute immunity, qualified immunity bars damages unless the pleaded facts show both a constitutional violation and that the right was clearly established in a particularized sense at the time of the conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Pearson v. Callahan*, 555 U.S. 223, 231–32, 236 (2009). The complaint must identify each individual defendant's own actions; collective allegations and respondeat-superior theories do not establish personal liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Peatross v. City of Memphis*, 818 F.3d 233, 241–42 (6th Cir. 2016). Prospective declaratory or injunctive relief is not governed by qualified immunity, although standing, mootness, sovereign immunity, and statutory limits still apply.

**114C.** Counties and other local governmental bodies do not share the State's Eleventh Amendment immunity, but they are liable under § 1983 only when an official policy, widespread custom, deliberately indifferent failure to train, or act of a final policymaker was the moving force behind the constitutional injury. *Monell v. Department of Social*

*Services*, 436 U.S. 658, 690–94 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123–27 (1988); *Board of County Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997). Failure-to-train liability requires deliberate indifference, ordinarily demonstrated through notice of a pattern of similar constitutional violations. *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989); *Connick v. Thompson*, 563 U.S. 51, 61–63 (2011). A Michigan circuit court's adjudicative functions and judicial assignments may be attributable to the State rather than the County; therefore, Plaintiff must identify the correct governmental actor, a suable entity, and the source of final policymaking authority instead of relying on County funding or general oversight alone.

**A. Persuasive Eastern District of Michigan Decisions**

**114D.** Decisions of other judges of this District are persuasive rather than binding. The following verified decisions support only the limited propositions stated here: *Strickland v. Mullins*, No. 4:23-cv-12687, ECF No. 5 (E.D. Mich. Nov. 21, 2023) (Behm, J.) (absolute immunity barred claims against a judge and prosecutor for protected functions); *Thomas v. Hackel*, No. 4:15-cv-11261, ECF Nos. 5, 8 (E.D. Mich. May 27 and June 30, 2015) (Berg, J.) (judicial immunity remained an independent ground for dismissal after reconsideration of a separate ground); *Diamond v. Marable*, No. 2:12-cv-11516, ECF No. 28 (E.D. Mich. Feb. 15, 2013) (Borman, J.) (granting dismissal on absolute judicial-immunity grounds for issuing a bench warrant and contempt-related acts); *Hamas v. County of Shiawassee*, No. 2:23-cv-11590, ECF No. 4 (E.D. Mich. Sept. 19, 2023) (Drain, J.) (summarily dismissing claims involving an ongoing state criminal matter and immune judicial defendants); *Kim v. Bernstein*, No. 2:24-cv-13151, ECF No. 5 (E.D. Mich. Dec. 10, 2024) (DeClercq, J.) (dismissing an attempted federal challenge to Michigan appellate decisions and conclusory allegations);

and *Ranke v. Federspiel*, No. 2:23-cv-11300, ECF No. 36 (E.D. Mich. Mar. 26, 2024) (Edmunds, J.) (adopting a recommendation dismissing claims against a state judge on judicial-immunity grounds). These decisions do not establish the viability of Plaintiff's claims; they reinforce the need for defendant-specific facts, a proper jurisdictional basis, and relief not barred by immunity or federalism doctrines.

**114E.** Plaintiff therefore pleads relief in the alternative and subject to these limitations: damages only against suable persons in their individual capacities for conduct not protected by absolute or qualified immunity; municipal damages only upon proof of a qualifying policy or custom; and prospective official-capacity relief only against an appropriate officer for an ongoing federal violation when authorized by *Ex parte Young* and 42 U.S.C. § 1983. Nothing in this section asks the Court to exercise appellate review over a state-court judgment or to award retrospective monetary relief from the State treasury.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Richard Allen Smith Sr** respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, jointly and severally, as follows:

### A. DECLARATORY RELIEF

1. A declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that Defendants' scheduling practices, as applied to Plaintiff — including the simultaneous scheduling of multiple NH case hearings and the scheduling of state proceedings in conflict with Plaintiff's federal court obligations — violated Plaintiff's rights under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

2. A declaration that Defendants conspired with one another to obstruct Plaintiff's participation in federal Case No. 2:26-cv-12311-DPH-EAS, in violation of 42 U.S.C. § 1985(2);
3. A declaration that Defendants conspired with one another to deprive Plaintiff of the equal protection of the laws and equal privileges and immunities under the laws, in violation of 42 U.S.C. § 1985(3);
4. A declaration that the transfer of Case No. 26-001936-AR to the courtroom of Defendant Owdziej was constitutionally improper and was made without legitimate administrative basis, in violation of Plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

**B. INJUNCTIVE RELIEF**

5. A preliminary and permanent injunction ordering that Case No. 26-001936-AR (the criminal appeal) be promptly and immediately reassigned to a different judicial officer of the Washtenaw County Trial Court, 22nd Judicial Circuit, who has no connection to Cases Nos. 26-000748-NH, 26-000749-NH, 26-000902-NH, or to Defendant Owdziej, and who has had no involvement in any of the conduct alleged herein;
6. A preliminary and permanent injunction prohibiting Defendant Owdziej from presiding over, participating in, or exercising any judicial authority in any matter in which Plaintiff Richard Allen Smith Sr is a party, unless and until this Court determines that the constitutional violations alleged herein have been fully and adequately remedied;
7. A preliminary and permanent injunction prohibiting Defendants — and their agents, employees, officers, representatives, and all persons acting in concert with them — from scheduling any of Plaintiff's state court proceedings on the same date as any hearing, conference, status call, or deadline in federal Case No. 2:26-cv-12311-DPH-EAS, without Plaintiff's express written consent and prior approval of this Court;

8. A preliminary and permanent injunction requiring that Plaintiff's state court proceedings in Cases Nos. 26-000748-NH, 26-000749-NH, 26-000902-NH, and 26-001936-AR be scheduled with reasonable advance notice and at dates and times that do not create irreconcilable conflicts with his pending federal litigation obligations;

9. Any further injunctive relief this Court deems just, necessary, and appropriate to remedy the ongoing constitutional violations alleged herein and to restore Plaintiff's right of meaningful access to both the state and federal court systems.

**C. DAMAGES**

10. Compensatory damages against all Defendants, jointly and severally, for all injury, harm, loss, and prejudice suffered by Plaintiff as a direct and proximate result of Defendants' constitutional violations, including loss of hearing opportunities, adverse rulings obtained in absentia, impairment of pending federal litigation, emotional distress, and all other cognizable damages, in an amount to be determined at trial;

11. Punitive damages against Defendant Julia B. Owdziej, Defendant Arianne E. Slay, and Defendants John and Jane Does 1–10, in their individual capacities, in amounts sufficient to punish those Defendants for their willful, deliberate, malicious, and reckless disregard of Plaintiff's constitutionally protected rights, and to deter them and others similarly situated from engaging in comparable misconduct in the future. *See Smith v. Wade*, 461 U.S. 30, 56 (1983).

**D. ATTORNEYS' FEES AND COSTS**

12. An award of reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988(b), should Plaintiff retain counsel or should the Court determine that a fee award is otherwise appropriate;

13. All costs of court, filing fees, service costs, and expenses of this litigation pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988.

**E. ADDITIONAL RELIEF**

14. Such other and further relief as this Court deems just, equitable, and proper in the circumstances of this case.

**XI. JURY DEMAND**

**115.** Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff **Richard Allen Smith Sr** hereby demands a trial by jury on all issues and claims so triable in this action, including all claims for compensatory damages, punitive damages, and any other issues that are properly submitted to a jury under the Seventh Amendment to the United States Constitution.

**JURY TRIAL DEMANDED ON ALL TRIABLE ISSUES**

---

Dated: October 1, 2026

Respectfully submitted,

**Richard Allen Smith, Sr.** Pro Se Litigant
6286 vail dr Ypsilanti mi 48197
Scruffy1979@outlook.com
Phone:734-850-7134
Ypsilanti, MI Date: October 1, 2026