UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD ALLEN SMITH, SR.,<br><br>Plaintiff,<br><br>v.<br><br>JULIA B. OWDZIEJ, et al.,<br><br>Defendants. | Case No. 26-cv-13762<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Richard Allen Smith, Sr. commenced this 42 U.S.C. § 1983 and against several state judges, a state circuit court, and a county prosecutor's office. Before the Court is Smith's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Smith's claims fail as a matter of law. All the causes of action asserted against the 22nd Judicial Circuit Court must be dismissed because "[a] state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to [a] lawsuit under that statute." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *see also Stevens v. Anzalone*, No. 18-1690, 2019 U.S. App. LEXIS 8856, at *4 (6th Cir. Mar. 22, 2019). The same goes for the claims asserted against the University of Michigan Board of Regents. *See Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023) ("State entities in fact are not 'persons' under § 1983 in the first place.").

Both the state court and the Board of Regents are also immunized from suit under the Eleventh Amendment to the United States Constitution. *See Doe v. Bd. of Regents of the Univ. of Mich.*, No. 22-2095, 2023 U.S. App. LEXIS 20969, at *5 (6th Cir. Aug. 9, 2023) ("The Board of Regents of the University of Michigan is therefore shielded from liability by the Eleventh Amendment."); *see also King v. Montgomery County Sheriff's Dep't*, 10 F. App'x 292, 294 (6th Cir. 2001) (holding that a state circuit court is entitled to Eleventh Amendment immunity).

Insofar as Smith sues Judges Owdziej and Slay for money damages stemming from their scheduling and assignment of court hearings, his claims must be dismissed because they fall within the doctrine of absolute judicial immunity. *See Weingrad v. Owdziej*, Nos. 24-1749/24-1755, 2026 U.S. App. LEXIS 23617, at *18 (6th Cir. Aug. 5, 2026) (assigning cases entitled to judicial immunity); *see also Hughes v. Duncan*, 93 F.4th 374, 381-82 (6th Cir. 2024) (scheduling cases entitled to judicial immunity); *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) (same).

And Smith's requests for injunctive and declaratory relief against these state judges, which likewise pertain to their scheduling and assignment of court hearings, is subject to the *Younger* abstention doctrine. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (stating that *Younger* "and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.").

The claims asserted against Washtenaw County, based upon Smith's view that the County is "responsible for the funding, administration, and oversight" of the 22nd Judicial Circuit Court, cannot either proceed. That's because the circuit court is an arm of the state, not the county. *See Fritz v. Michigan*, 747 F. App'x 402, 404 (6th Cir. 2018) ("Allegan County does not exercise control over the 48th Judicial Circuit Court."); *see also Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 762 (6th Cir. 2010). Similarly, the Washtenaw County prosecutor acts "as a state agent when prosecuting state criminal charges." *Cady v. Arenac County*, 574 F.3d 334, 343 (6th Cir. 2009). So the County is not responsible for the policies governing criminal prosecutions. *See D'Ambrosio v. Marino*, 747 F.3d 378, 387 (6th Cir. 2014).

Nor is the Washtenaw County prosecutor's office a legal entity capable of being sued. *See Lafferty v. Highland Cnty. Cmty. Action Org., Inc.*, No. 25-3244, 2025 U.S. App. LEXIS 27443, at *4 (6th Cir. Oct. 20, 2025) (holding that "a county prosecutor's office is not a legal entity capable of being sued").

Lastly, dismissal is appropriate against the John Doe defendants because the complaint contains broad, conclusory allegations against them generally, without specific facts addressing their personal involvement in the alleged constitutional violations. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *see also Vantrease v. Corrections Corp. of America*, 21 F. App'x 417, 418 (6th Cir. 2001). Accordingly,

IT IS ORDERED that Smith's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that Smith may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: October 8, 2026

s/ Robert J. White
Robert J. White
United States District Judge